# IN THE COURT OF COMMON PLEAS FOR THE STATE OF DELAWARE
# IN AND FOR NEW CASTLE COUNTY

| | | |
|---|---|---|
| **STATE OF DELAWARE** | ) | |
| | ) | |
| | ) | |
| v. | ) | **Cr.A. No.: 1406011386** |
| | ) | |
| | ) | |
| **RYAN J. FLANIGAN,** | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

Submitted: May 21, 2015
Decided: June 10, 2015

Christopher Marques, Esquire
Deputy Attorney General
820 N. French Street, 7th Floor
Wilmington, DE 19801
*Attorney for the State of Delaware*

Richard B. Ferrara, Esquire
Ferrara & Haley
1716 Wawaset Street
Wilmington, DE 19806
*Attorney for Defendant*

## ORDER ON DEFENDANT'S MOTION TO SUPPRESS

Defendant Ryan J. Flanigan ("Flanigan") was charged with Failing to Remain Within A Single Lane, in violation of 21 *Del. C.* § 4122(1), and Driving Under the Influence of Alcohol, in violation of 21 *Del. C.* § 4177. Flanigan filed a Motion to Suppress, challenging the legality of the traffic stop. On May 5, 2015, the Court held a bifurcated suppression hearing. At the end of the hearing, the Court issued a briefing schedule and instructed counsel to address two issues relating to whether there was reasonable articuable suspicion for the traffic stop. This is the Court's Decision and Order on Defendant's Motion to Suppress.

## I. Facts

At the hearing on the Motion to Suppress, the State presented the testimony of Officer Andrew J. Davis ("Officer Davis") of the Elsmere Police Department. Officer Davis testified that he was patrolling Elsmere on June 14, 2014, and observed Flanigan driving a white Chevrolet Equinox SUV traveling westbound on Kirkwood Highway. Officer Davis testified that he saw Flanigan making moving violations. Officer Davis testified that first he saw Flanigan move from the right lane to the left lane without signaling. He and Flanigan then came to a traffic light. Officer Davis further testified that when the light turned green, Flanigan accelerated, came close to Officer Davis (who was still in the left lane), and "briefly" used his turn signal as he merged into the right lane. At that point in time, Officer Davis got behind Flanigan, and activated his emergency equipment and dash-camera.[1]

On cross examination, Officer Davis testified that the dash camera did not capture the first lane change. However, Officer Davis again testified that Flanigan made a lane change in front of Officer Davis' vehicle without using his turn signal.

After activating his emergency equipment, Flanigan used his turn signal and pulled over. Officer Davis testified that before coming to a complete stop, Flanigan struck the curb. Officer Davis then approached the driver's side of Flanigan's vehicle, and spoke with him.

## II. Standard of Review

In a Motion to Suppress, the State must prove by a preponderance of the evidence that the alleged search and seizure did not violate the defendant's constitutional rights.[2]

---

[1] Flanigan testified that his patrol vehicle was equipped with a Mobile Video Recording (MVR). The State admitted the MVR into evidence as its Exhibit 1, and Officer Davis testified as to what was happening in the video while it played for the Court.
[2] *Hunter v. State*, 783 A.2d 550, 561 (Del. 2001).

## III. The Law

**Case Law on Motion to Suppress**

On a Motion to Suppress challenging the legality of a traffic stop, the State bears the burden of establishing that the challenged stop was reasonable under the circumstances.[3] The officer conducting the traffic stop must have reasonable articulable suspicion that a crime has occurred, is occurring, or is about to occur.[4] In order for the traffic stop to be legal, "'the quantum of evidence required for reasonable articulable suspicion is less than that of probable cause.'"[5] The Court evaluates the evidence "'in the context of the totality of circumstances[,] as viewed from the eyes of a reasonable, trained police officer in the same or similar circumstances, combining objective facts with an officer's subjective interpretation of those facts.'"[6] It is well settled that changing lanes without using a turn signal is a violation of 21 *Del. C.* § 4155.[7]

## IV. Opinion

Notwithstanding counsel's response to the Court's briefing schedule, after reviewing the record, the Court finds that Officer Davis had reasonable articulable suspicion to stop Flanigan after observing the first lane change. Officer Davis' sworn testimony at the suppression hearing was that he observed Flanigan change lanes without signaling. On direct examination, Officer Davis testified as follows:

> Q: Can you recount the moving violations as you mentioned them before?
>
> A: Sure. Initially when I saw the vehicle, it started to move into my lane of travel. I was in the left lane, westbound on Kirkwood Highway. He was in,

---

[3] *State v. Lanouette*, 2012 WL 4857820, at *7 (Del. Com. Pl. Aug. 27, 2012) (citing *Whren v. United States*, 517 U.S. 806, 809 (1996)).

[4] *Delaware v. Prouse*, 440 U.S. 648, 663 (1979).

[5] *State v. Vizcarrondofargas*, 2011 WL 6946978, at *3 (Del. Com. Pl. Dec. 14, 2011) (*quoting Downs v. State*, 570 A.2d 1142, 1145 (Del. 1990)).

[6] *Id.* (*citing Jones v. State*, 744 A.2d 856 (Del. 1999)).

[7] *Id.; see also State v. Walker*, 1991 WL 53385, at *2 (Del. Super. 1991).

3

the vehicle was in the right lane, came into my lane, then went back into the right lane, and then merged into the left lane without signaling.

Q: When he came into the right lane the first time, did he signal then?

A: He did not.

After reviewing Officer Davis' testimony, the Court finds that under the totality of the circumstances, a reasonable articulable suspicion existed for Officer Davis to stop Flanigan. There is no legal case law, statute, or evidentiary rule that the officer must capture the facts constituting reasonable articulable suspicion on his camera. Officer Davis' sworn testimony is sufficient.

## IV. Order

Therefore, the Court DENIES Defendant's Motion to Suppress. The matter will now be set for trial. This Judicial Officer retains jurisdiction.

**IT IS SO ORDERED** this 10th day of June, 2015.

_____
John K. Welch, Judge

cc:    Ms. Diane Healy
       Criminal Case Manager

4